Smith, J.
An action was brought by White against Herndon in one' of the courts of Kentucky on a promissory note for $100Q. One of the defenses interposed was that about $700 of the consideration thereof was for liquor sold by the payee of the note to the maker thereof, contrary to the laws of said state, and therefore, that the note was invalid. This was denied by'the reply of the plaintiff. Thereupon the court, acting, as is said by counsel, under the provisions of a statute of that state, (but of which there is no evidence in the record), being of the opinion that about the sum of $300 of the demand of the plaintiff on the note sued on was not disputed by the answer, rendered a judgment for that sum in favor of the plaintiff against the defendant on the cause of action set up in the petition, and continued the case for further hearing as to the balance of the claim. Afterwards the plaintiff came and voluntarily dismissed his action against the defendant. The judgment of $300 against the 'defendant was paid by him.
Thereupon the same plaintiff brought his action against the same defendant in the court of common pleas of this county on the same note, crediting the amount paid thereon after the rendition of the other judgment. The defendant, as one of his defenses, pleaded the former adjudication in bar of the second action. The plaintiff replied that there was no such record. On the trial, the record of the Kentucky court was introduced in evidence showing the facts hereinbefore stated, and it was admitted that the parties in the two suits were the same, and the cause of action the same, with the exception that credit for the amount so paid was given in this second case; and there was no evidence in contradiction or impeachment of the record, and the only question submitted to the court was, whether the judgment in the first case was a bar to the prosecution of the second. *292 As has been stated, there wa's no evidence given as to the law of the state of Kentucky,or of any statute of that state, as to the procedure in cases of this kind; but it was conceded in this court by counsel that there is a statute substantially like sec. 5320 of our Revised Statutes. The court of common pleas, in substance, charged the jury that the judgment in the first case was a bar to the prosecution of the second action, and on the rendition of a verdict for the defendant, a motion for a new trial was overruled, and judgment entered upon the verdict. A bill of exceptions was allowed, containing the evidence, charge, etc., and a petition in error filed, seeking the reversal of the judgment.
If the first action and judgment had been in a court of this state, and the same proceedings had therein, and the second action also brought here, and the judgment in the former action pleaded in bar thereof, and the same evidence offered, could it have been maintained? We think not. The first action was upon an entire and indivisible contrae!. The defense was one which went to the entire cause of action. There was no admission that there was any thing' due upon the note sued on. If the allegation of-the answer in the first action was true, that a part of the consideration of the note was founded on an illegal and unlawful transaction between the parties,' the note was wholly void, and no recovery could be had upon it. 20 Ohio St., 431. Illegality in respect to a part of the consideration of an entire contract avoids it in toto. And the rule is also well settled that in an action brought upon an entire contract, a judgment rendered in favor of a plaintiff for a part of his claim is a bar to any other action brought by him on the same contract And so is a judgment against him in the first action
Did sec. 5320, Revised Statutes,establish any different rule as to this? We think not. It provides that “When all or a part of one or more of the causes of action are not put in *293 issue by answer, judgment may be taken as upon a default for so much of the plaintiff’s demand, as is not put in issue by the answer, upon any or all of the causes of action, without prejudice to the rights of the plaintiff as to that portion of his demand disputed” Clearly, this section does not refer to the case of a suit on an entire demand, where on any ground the defense goes to the whole of the cause of action sued on,as. in this case It must be applicable only to cases in which there are several causes of action, where one or more may be admitted by failure to plead, and one or more are disputed, or where, for instance, a claim is made upon an account consisting of several items, some of which are admitted or not disputed, and others are denied. In either of these or similar cases, the statute does apply, and there may be a judgment for the admitted or not disputed items or causes of action without prejudice to the rights of the plaintiff as to those portions of his demand which are disputed, But in a case where the cause of action is on an entire- demand, and the whole claim is disputed, the section does not apply, and if, from error, or other reason, a judgment is entered for a less amount than plaintiff claims, this, while the judgment remains in force, is a full settlement of the whole claim of the plaintiff on such cause of action. Such would be the law of Ohio, and we suppose everywhere, unless otherwise provided by statute; and there is no evidence of any such statute in Kentucky. And in our opinion,the entry of such judgment would, when properly pleaded and proved, be a complete bar to a prosecution of the same action in the same court where it had been continued for trial, as to such part of the claim as was erroneously considered not to be put in issue.
Mr. Bambnch, for Plaintiff in Error.
Mr. McCoy, for Defendant in Error.
The judgment of the court of common pleas will be affirmed.